[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12149
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00466-AT-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK HAMILTON THORNTON,
a.k.a. Unc,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 28, 2015)

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judge.

PER CURIAM:

Roderick Hamilton Thornton appeals his total 151-month sentence, imposed

at the low end of the advisory guideline range, after Thornton pled guilty to one

count of conspiracy to interfere with commerce by threat or violence, in violation of 18 U.S.C. § 1951, and seven counts of aiding and abetting interference with commerce, in violation of 18 U.S.C. §§ 1951 and 2.  According to the presentence investigation report ("PSR"), Thornton and a codefendant, Lewis Flagg, committed thirteen robberies of gas stations and convenience stores in Georgia over roughly a one-month period in the summer of 2013.  Thornton and Flagg each were indicted on the same thirteen counts in November 2013.  Flagg pled guilty under a negotiated plea agreement in August 2014.  Thornton entered his non-negotiated guilty plea in January 2015.  Flagg was sentenced to 40 months' imprisonment; Thornton was sentenced to 151 months' imprisonment.

On appeal, Thornton argues that his sentence was substantively unreasonable because it was substantially dissimilar to Flagg's sentence.  He contends that both he and Flagg have similar criminal histories and pled guilty to the exact same charges, and that the factors the district court considered in sentencing Flagg do not justify the 111-month disparity between their sentences.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  We first ensure that the district court committed no significant procedural error.  *Id.* at 51, 128 S. Ct. at 597.  We then examine whether the sentence was substantively reasonable in light of the totality of the circumstances.

2

*Id.* The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Tome,* 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a)(2). In imposing sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need to avoid unwarranted sentencing disparities, among other factors. *See id.* § 3553(a)(1), (3)-(7) (emphasis added).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay,* 483 F.3d 739, 743 (11th Cir. 2007). We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted).

3

Here, Thornton has not met his burden of showing that his 151-month sentence is substantively unreasonable in light of the record and the § 3553(a) factors. Thornton primarily argues that the disparity between his and Flagg's sentences is unwarranted. *See* 18 U.S.C. § 3553(a)(6). "A well-founded claim of disparity, however, assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation marks omitted). While it is true that Thornton and Flagg pled guilty to the same charges from the same indictment, Flagg is not a valid comparator for § 3553(a)(6) purposes for two primary reasons.

First, Thornton and Flagg were not "defendants *with similar records* who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (emphasis added). Thornton's criminal record was more extensive than Flagg's. Based on his criminal history, Thornton was designated a career offender, under U.S.S.G. § 4B1.1, while Flagg was not. Even aside from this enhancement, Thornton's criminal-history points placed him in criminal-history category VI. By contrast, Flagg's criminal-history points placed him in criminal-history category III.[1] The disparity in criminal histories, in turn, led to a disparity in guideline ranges. Thornton's guideline range was 151 to 188 months' imprisonment, based on an

---

[1] Thornton claims that his criminal record is not as severe as Flagg's because Flagg had a prior conviction for armed robbery. However, this has no bearing on the extensiveness of Thornton's criminal history or Thornton's and Flagg's respective criminal history categories.

4

offense level of 29; Flagg's was 78 to 97 months, based on an offense level of 26. At the outset, therefore, Flagg's guideline range was nearly half of Thornton's based primarily on their respective criminal records.

Second, Flagg is not a valid comparator because he cooperated with the government and received the benefit of a downward departure for substantial assistance, under U.S.S.G. § 5K1.1.   A defendant who provides substantial assistance to the government is not similarly situated with a defendant who does not.  *See Docampo*, 573 F.3d at 1101; *United States v. Williams*, 526 F.3d 1312, 1323-24 (11th Cir. 2008).  The government's § 5K1.1 motion requested a 35% reduction in Flagg's guideline range because he cooperated immediately, and his assistance led to Thornton's arrest.  The court granted the motion, reducing Flagg's guideline range to 51 to 63 months' imprisonment.  Because Thornton did not receive a § 5K1.1 departure and only entered a guilty plea the day before trial was scheduled to begin, there was no "unwarranted" disparity between his and Flagg's sentence.  Consequently, Flagg is not a valid comparator for § 3553(a)(6) purposes because he did not have a similar criminal record, and, unlike Thornton, Flagg provided substantial assistance to the government.

Other factors discussed by the district court likewise support its decision to sentence Thornton and Flagg disparately.  The court found that Flagg had a significant record of mental impairment and sentenced him to 40 months'

imprisonment after granting his motion for a downward departure due to diminished mental capacity, under U.S.S.G. § 5H1.3. By contrast, the court concluded that Thornton was an "intelligent, reasonably educated person" who, due to his extensive criminal record, knew what he was facing by committing the offenses. In addition, the court reasoned that Thornton's "repetition of the conduct" in this case, viewed in the context of his prior criminal history, was "glaring" and justified a within-guidelines sentence.

In sum, Thornton has not shown an "unwarranted" disparity between his and Flagg's sentencs. The district court properly considered the § 3553(a) factors, including the need to avoid unwarranted sentencing disparities, and sufficiently justified its decision to sentence Thornton to a significantly longer term of imprisonment than Flagg. Moreover, Thornton's sentence is at the low end of the guideline range of 151-188 months, and we ordinarily expect that a sentence within the guideline range will be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Thornton has not otherwise shown that his sentence is outside of the range of reasonable sentences dictated by the facts of the case. *See Irey*, 612 F.3d at 1190; *Tome,* 611 F.3d at 1378. Accordingly, we affirm Thornton's sentence.

**AFFIRMED.**